IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-02305-BNB

JOHN J. POWERS,

    Plaintiff,

v.

LESLEE V. WAGGENER, Parole Board Member,
BRAD CARROLL, Community Parole Officer,
WYNONA MAHAFFEY, Community Parole Officer,
TERRY BALLARD, State Parolee Manager,
DON MILHAM, Hotel Leasee, and
JAMES KELLER, Parole Supervisor,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAR 28 2008

GREGORY C. LANGHAM
                CLERK

## ORDER OF DISMISSAL

Plaintiff John J. Powers currently is detained at the Moffat County Jail in Craig, Colorado. On October 26 2007, Mr. Powers submitted to the Court a Prisoner Complaint filed pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1343. The Court must construe Mr. Powers' Complaint liberally because he is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. *Hall*, 935 F.2d at 1110.

A legally frivolous claim is one in which a plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). For the reasons stated below, the Court will dismiss the Complaint as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

In the Complaint, Mr. Powers states that for the approximately eighteen days that he lived at a facility for homeless parolees his food and clothing were stolen, he was forced to buy coffee and steak for the parole manager, he was required to pay more money for the room he lived in than the Colorado Department of Corrections (DOC) was charged, and he was subjected to live in a room with no cooling and no bathroom. Plaintiff further asserts that when he challenged Defendant Terry Ballard, the parolee manager, regarding the conditions he was assaulted with a claw hammer and told to leave. Plaintiff contends that as a result of his leaving he was charged with an alleged escape from Intensive Supervisory Parole. Plaintiff seeks compensation for lost wages and for mental stress and anguish and punitive damages.

With respect to Plaintiff's loss of property, an unauthorized intentional deprivation of property does not violate due process if an adequate postdeprivation remedy for the loss is available. **See Hudson v. Palmer**, 468 U.S. 517, 533 (1984); **Durre v. Dempsey**, 869 F.2d 543 (10th Cir. 1989). Upon review of Colo. Rev. Stat. § 24-20-104-109, it appears that Plaintiff has a meaningful remedy in state court for challenging the alleged theft of his property.

As for the price he was charged for the room he lived in at the parolee facility, Plaintiff has no constitutional right to pay the same amount that the DOC is charged for the room.

With respect to the conditions of the facility where Plaintiff was housed as a homeless parolee, to prove a constitutional claim of deliberate indifference, he must assert a claim of deliberate indifference. Although Plaintiff claims that Defendant Terry Ballard swung a claw hammer and told him to leave the parolee facility or he would

2

assault him with the hammer, he does not allege that he incurred physical injury due to Defendant Ballard's acts. Further, no matter how inappropriate, verbal harassment and threats without more do not state an arguable constitutional claim. *See Northington v. Jackson*, 973 F.2d 1518, 1524 (10th Cir. 1992); *Cumbey v. Meachum*, 684 F.2d 712, 714 (10th Cir. 1982) (per curiam); *Collins v. Cundy*, 603 F.2d 825, 827 (10th Cir. 1979) (per curiam).

As for the temperature of the room and the unavailability of a bathroom in the room he rented, Plaintiff only lived in the room for at the most eighteen days. He does not assert a physical injury due to the temperature and the unavailability of a bathroom. Therefore, nothing Plaintiff states in the Complaint form rises to the level of a constitutional deprivation.

To the extent that Plaintiff is asserting that the conditions of the facility where he lived as a parolee forced him to leave the facility, and as a result to violate his parole, claims challenging the revocation of a parole more properly are raised in a 28 U.S.C. § 2241 action. Accordingly, it is

ORDERED that the Complaint and the action are dismissed as **legally frivolous** pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

DATED at Denver, Colorado, this 27 day of March, 2008.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 07-cv-02305-BNB

John J. Powers
Prisoner No. 127861
Moffat County Jail
800 W. 1st Street, Suite 200
Craig, CO 81625

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 3/28/09

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk